**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA CUMMINGS, | |
| Plaintiff, | Civ. No. 20-5217 (GC) |
| v. | |
| SOMERSET COUNTY JAIL, et al., | |
| Defendants. | |

**CASTNER, District Judge**

### I.     INTRODUCTION

Plaintiff, Andrea Cummings ("Plaintiff" or "Cummings"), was previously detained at the Somerset County Jail. She is proceeding *pro se* with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Plaintiff is proceeding *in forma pauperis*. (*See* ECF 14). Previously, this Court administratively terminated this case as Plaintiff had failed to update her address of record. (*See* ECF 16). Subsequently, Plaintiff updated her address of record (*see* ECF 18) such that the Clerk will be ordered to reopen this case.

The allegations of the Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's Complaint shall proceed in part.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the Complaint are construed as true for purposes of this screening Opinion. Plaintiff names the following as Defendants in the caption of her Complaint:

1. Somerset County Jail;

2. Officer Dela Cruz;

3. Officer Heilos;

4. Officer Hernandez;

5. Precision Radiology Group;

6. Precision Health Inc.; and

7. X-ray Tech Ponnachan Chackochan.

Plaintiff alleges that she was placed in a cell while waiting for a court hearing that had no running water or toilet tissue for almost two hours. (*See* ECF 1 at 3). Defendants Heilos, Dela Cruz as well as Correctional Officer Resznick mocked and jeered at her during this time. (*See id.*). At one point, when Plaintiff asked if she could eat prior to going to the transport van, Defendant Dela Cruz told her that they were ready for her now. (*See id.*).

Plaintiff next claims Defendant Hernandez assaulted her during a pat search. (*See id.*). According to Plaintiff, Defendant Hernandez slammed her head into the glass in a hallway. (*See id.*).

Plaintiff next states that an X-ray was taken on December 4, 2019. (*See id.*). Defendant Chackochan though purportedly failed to provide Plaintiff with a radiation protection sheet during this X-ray. (*See id.*).

Plaintiff further explains that Sgt. Garcia, Lieutenant Moye, Dulcinea Gnecco, Vividiana Munoz, Brieonna Simpkins and Defendants Heilos and Dela Cruz have generated multiple reports to discontinue Plaintiff's religious diet although they regularly see her pray. (*See id.*). Furthermore, Plaintiff states that Defendant Heilos wrote a false report stating that Plaintiff failed

to obey a direct order. (*See id.*). According to Plaintiff, Defendants Heilos and Dela Cruz have been constantly harassing Plaintiff. (*See id.*).

Plaintiff next states that Defendant Hernandez has also falsified a report. (*See id.* at 4).

Plaintiff also claims that Sgt. Lai has made threats about her to other staff members, including that he was waiting for Plaintiff not to follow a directive so that he could assault her. (*See id.*).

Finally, Plaintiff alleges she was placed in an intake area in April, 2020 after eating and throwing up during the height of the COVID-19 pandemic.

As relief, Plaintiff seeks a full head and abdomen X-ray as well as monetary damages. (*See id.* at 5).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter'

3

to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief in part under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See*

4

*Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Plaintiff's claims can be divided into several different distinct categories. They are as follows:

1. Conditions of confinement related to cell;
2. Verbal taunts and harassment;
3. Conditions of confinement regarding deprivation of one meal;
4. Excessive force by Defendant Hernandez;
5. Deliberate indifference to Plaintiff's serious medical needs by failing to provide radiation protection sheet during an X-ray;
6. Falsifying reports; and
7. Exposure to COVID-19.

### A. Somerset County Jail

Plaintiff first names the Somerset County Jail as a Defendant. However, Plaintiff cannot pursue a § 1983 claim against Somerset County Jail because a county jail is not a "person" subject to suit under § 1983. *See, e.g., Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Thus, Plaintiff's claims against Somerset County Jail are dismissed with prejudice for failure to state a claim upon which relief may be granted.

B. Conditions of Confinement in Cell

Next, Plaintiff alleges she was placed in a cell for a few hours with no running water or toilet tissue. As a pretrial detainee, Plaintiff's conditions of confinement claims are analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (explaining that the Fourteenth Amendment applies to a pretrial detainees' conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline,* 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)) (remaining citation omitted). To assert a claim, a plaintiff must allege that the defendant knew of and disregarded an excessive risk to plaintiff's health. *See Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

This Court finds that Plaintiff's allegations related to her detainment in a cell for a few hours without running water or toilet paper fail to state a constitutional violation. Indeed, such detainment in the cell for approximately two hours is too brief a period to sufficiently raise a claim, particularly where Plaintiff does not allege that she was denied basic life necessities. *See, e.g., Collier v. Adams*, 602 F. App'x 850, 853 (3d Cir. 2015) (per curiam) (holding that the deprivation of running water from an inmate's cell for 77 hours was not sufficiently serious to constitute an Eighth Amendment violation); *Merritt v. Mancini*, No. 19-2785, 2019 WL 3074053, at *4 (E.D. Pa. July 11, 2019) (allegations that plaintiff was held in a cell for seven hours without toilet paper or running water insufficient to state a Fourteenth Amendment constitutional violation where there is no indication that Plaintiff was prevented from using the bathroom or denied basic necessities). Accordingly, this claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. Verbal Taunts & Harassment

Next, Plaintiff alleges that numerous correctional officers verbally mocked and jeered Plaintiff. Allegations of threats or verbal harassment without more do not state a claim under § 1983. *See Brown v. Hamilton Twp. Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (per curiam) ([A]llegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983.") (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *Barber v. Jones,* No. 12–2578, 2013 WL 211251, at *5 (D.N.J. Jan. 18, 2013) (noting that general allegations of verbal abuse unaccompanied by injury or damage are not cognizable under § 1983). Thus, these allegations, without more, fail to state a claim such that this claim is dismissed without prejudice.

D. Conditions of Confinement – Deprivation of One Meal

Construed loosely, Plaintiff next alleges that Defendant Dela Cruz violated her constitutional rights when she did not provide Plaintiff with food on one occasion. This Court notes though that missing one meal does not rise to the level of a constitutional violation, particularly where the plaintiff does not allege she suffered any specific harm from missing this one meal. *See Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) (citation omitted) ("The purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation").

E. Excessive Force by Defendant Hernandez

Plaintiff next asserts that Defendant Hernandez used excessive force against her when he slammed her head into glass in a hallway. Claims of excessive force against a defendant by a plaintiff who is a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, because pretrial detainees are not properly

7

subject to punishment, whether cruel and unusual or otherwise. *See Dean v. Gloucester Cty., No. 13-5197*, 2016 WL 818708, at *5 (D.N.J. Mar. 2, 2016) (citing *Tapp v. Proto*, 404 F. App'x 563, 566 (3d Cir. 2010)) (remaining citation and footnotes omitted). Courts apply an objective standard when considering a pretrial detainee's claim of excessive force. *See Jacobs v. Cumberland Cty.*, 8 F.4th 187, 194 (3d Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). Thus, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. That objective test "turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the prospective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citation omitted). Additionally, in *Kingsley*, the United States Supreme Court explained:

> A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).
>
> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See, *e.g., Graham,* [490 U.S.] at 396, 109 S. Ct. 1865.

*Kingsley*, 576 U.S. at 397.

While relatively sparse, Plaintiff alleges sufficient facts to state a claim against Defendant Hernandez under the excessive force standard applicable to pretrial detainees. This Court

recognizes that not ever push or shove violates a plaintiff's constitutional rights. *See Jacobs*, 4 F.4th at 195 (citations omitted). However, in this case, and at this early screening stage, Plaintiff's claim of excessive force against Defendant Hernandez shall be permitted to proceed past screening.

F. Failure to Provide Radiation Protection Sheet during X-Ray

Next, Plaintiff alleges Defendant Chackochan failed to provide her with a radiation protection sheet during an X-Ray. This Court interprets Plaintiff's allegations in this context as one for deliberate indifference to his serious medical needs. Such claims are analyzed under the Fourteenth Amendment as Plaintiff was a pretrial detainee at the Somerset County Jail at the time of Plaintiff's allegations. *See Tapp v. Brazill*, 645 F. App'x 141, 145 n.4 (3d Cir. 2016). To allege a Fourteenth Amendment violation, a pretrial detainee must allege that his conditions amounted to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Punishment has both a subjective and an objective component – the objective component asks whether the deprivation was sufficiently serious and the subjective component asks whether the defendant acted with a sufficiently culpable state of mind. *See Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). While the Fourteenth Amendment controls this claim, the Eighth Amendment's "deliberate indifference" standard provides a guide to what, at a minimum, is owed to pretrial detainees. *See Tapp*, 645 F. App'x at 145 n.4 (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)); *see also Reavis v. Hicks*, No. 19-21711, 2020 WL 3034619, at *3 (D.N.J. June 5, 2020) (citation omitted).

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official

9

> "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))). Negligence though is insufficient to support an Eighth Amendment deliberate indifference claim. *See Castro v. United States*, 448 F. App'x 167, 169 (3d Cir. 2011) (citing *Rouse*, 182 F.3d at 197).

At most, Plaintiff's allegations assert that Defendant Chackochan was negligent in failing to provide Plaintiff with a radiation protection sheet during an X-ray, nothing more. *See Saffold v. Milwaukee Cty. Jail*, No. 19-1414, 2020 WL 5821807, at *12 (E.D. Wis. Sept. 30, 2020) (where plaintiff does not allege that nurse purposefully or recklessly failed to give him lead protection

10

during an x-ray for his genitals, his allegations amount to only malpractice or negligence); *Wilkins v. Maricopa Cty.*, No. 09-1380, 2009 WL 5174267, at *8 (D. Az. Dec. 21, 2009) (plaintiff's allegation that x-ray technician failed to provide him with a lead apron during x-ray amounts to nothing more than negligence). Accordingly, Plaintiff has failed to state a deliberate indifference claim against this Defendant such that it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

G. Falsifying Reports

Plaintiff next asserts that several correctional officers falsified reports against her. These allegations though, in and of themselves, without more are insufficient to state a constitutional claim as Plaintiff does not allege that she was not provided an opportunity to rebut such reports at a hearing. *See, e.g., Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012) (finding the filing of even false reports charging a detainee with a disciplinary infraction is, in and of itself, not a constitutional violation.); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) (the "filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges"); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002).

It is worth noting that Plaintiff alleges certain officers generated reports to discontinue Plaintiff's unspecified religious diet. (*See* ECF 1 at 3). It is true that *if* Plaintiff was denied a religious diet, it could rise to the level of a constitutional violation. *See DeHart v. Horn*, 227 F.3d 47, 52 (3d Cir 2000). However, such allegations are missing from Plaintiff's Complaint as all that is alleged is that certain officers wrote reports to discontinue Plaintiff's religious diet, but not that Plaintiff's religious diet was actually affected.

Thus, for these reasons, this claim too is dismissed without prejudice for failure to state a claim upon which relief may be granted.

H. Potential Exposure to COVID-19

Finally, Plaintiff alleges she was placed for a time in an intake area where civilians entered the facility at the height of the COVID-19 pandemic. Mere exposure to COVID-19 though, in and of itself, is insufficient to state a constitutional violation. *See Vega v. Aviles*, No. 23-651, 2023 WL 2263715, at *4 (D.N.J. Feb. 28, 2023) (citing *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020); *Bennett v. Aviles*, No. 22-7003, 2022 WL 17887227, at *3 (D.N.J. Dec. 23, 2022)). Thus, this claim will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

V. **CONCLUSION**

For the foregoing reasons, Plaintiff's excessive force claim against Defendant Hernandez shall be permitted to proceed. Plaintiff's claims against the Somerset County Jail are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's remaining claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate Order will be entered.

DATED: August 14, 2023

GEORGETTE CASNTER
United States District Judge